UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CRAIG IVAN GILBERT,

    Plaintiff,

v.                                                Case No. 4:19-cv-72-MW/MJF

DONALD J. TRUMP, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before this court after the undersigned ordered the Plaintiff to show cause why his complaint should not be dismissed for Plaintiff's: (1) failure to amend his complaint and utilize the court-approved form; (2) failure to pay the filing fee or move for leave to proceed *in forma pauperis*; and (3) failure to comply with court orders. In light of these failures, the undersigned recommends that this action be dismissed without prejudice.[1]

**I.     Background**

Plaintiff initiated this civil rights action by filing a twelve-page handwritten complaint against twenty Defendants: (1) President Donald J. Trump; (2) then

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

Secretary of the Department of Homeland Security, Kirstjen Nielsen; (3) the FBI Director, Christopher Wray; (4) the Senate Intelligence Committee; (5) the Speaker of the House of Representatives, Nancy Pelosi; (6) the United States District Court for the Northern District of Florida; (7) the United States District Court for the Southern District of Florida; (8) the United States District Court for the Central District of California; (9) the Supreme Court of Florida; (10) the Third District Court of Appeals of Florida; (11) the Eleventh Judicial Circuit Court of Florida; (12) Carlos J. Martinez, Chief Public Defender; (13) the Seventeenth Judicial Circuit Court of Florida; (14) Howard Finkelstein, Chief Public Defender; (15) the Second Judicial Circuit Court of Florida; (16) Regional Counsel[2]; (17) the Florida Department of Health; (18) the Governor of Florida, Ron DeSantis; (19) the Florida Attorney General, Ashley Moody; and (20) the Florida Department of Children and Families. (ECF No. 1).

Plaintiff was involuntarily committed to the Florida State Hospital. In his complaint, Plaintiff alleges violations of his civil rights, specifically that he has been denied access to the courts. In addition, Plaintiff also alleged that the United States Government placed a microchip in his arm, intercepted his brain waves, and used him for covert missions.

---

[2] Plaintiff did not identify which "regional counsel" he intended to sue.

In light of the infirmities and the failure of the Plaintiff to use a court-approved form, on March 5, 2019, the undersigned issued an order directing Plaintiff to file an amended complaint using a court-approved form. (Doc. 3). To ensure that the Plaintiff had access to a court-approved complaint form, the undersigned also instructed the clerk of the court to mail to Plaintiff a court-approved complaint form. (Doc. 3).

Because the Plaintiff failed to pay the filing fee and also did not move to proceed *in forma pauperis*, the undersigned also ordered Plaintiff to either pay the fee or move to proceed *in forma pauperis*. (*Id.*). The undersigned imposed a deadline of April 4, 2019, for Plaintiff to correct these deficiencies. (*Id.*). The undersigned warned Plaintiff as follows:

> Failure to comply with this order likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to state a claim upon which relief may be granted, and failure to pay the filing fee or properly seek to proceed *in forma pauperis*.

(*Id.* at 5-6). The Plaintiff did not comply with the undersigned's order.

On April 8, 2019, the undersigned issued an order to show case why this action should not be dismissed for these deficiencies and the Plaintiff's failure to obey a court order. (Doc. 4). *See Hatchett v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (noting that a court may issue a show cause order to ascertain why an imprisoned

litigant has not paid the filing fee). The undersigned gave Plaintiff until April 29, 2019, to respond to the order to show cause.

The Plaintiff never responded to the order to show cause, did not pay the filing fee, did not file a motion to proceed *in forma pauperis*, and did not amend his complaint. Furthermore, the Plaintiff has offered no explanation for his failures and has not shown good cause for his failures.

## II.    Discussion

The undersigned recommends that this Court dismiss Plaintiff's complaint for three reasons: (1) the Plaintiff failed to pay the filing fee or move to proceed *in forma pauperis*; (2) he failed to comply with two court orders; and (3) he failed to file his complaint using a court-approved form.

### A.    **Failure to Pay the Filing Fee or Seek to Proceed *in Forma Pauperis***

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001)

(quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent,* 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)).

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). That is, if a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis*, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered the Plaintiff to either pay the $400.00 filing fee or file a motion to proceed as a pauper. (Doc. 3). The undersigned warned the Plaintiff that his failure to follow the court's order likely would result in dismissal of his action and repeated this warning in the undersigned's show cause order. (Doc. 3). Despite this warning, Plaintiff has not paid a filing fee and has not moved to proceed *in forma pauperis*. For this reason, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

### B. Failure to Comply with Court Orders

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820,

827, 116 S. Ct. 1777, 1782 (1996). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts may *sua sponte* dismiss cases for failure to comply with court orders. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may sua sponte dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances"). This includes failure to comply with a magistrate judge's order that a litigant use a court-approved form to file a complaint. *See Adams v. Berkebile*, 563 F. App'x 650, 651 (10th Cir. 2014). This power "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967); *see Goforth Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an

inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

(1) **The duration of Plaintiff's failure to comply.** The undersigned issued an order directing Plaintiff to file an amended complaint and pay the filing fee or move to proceed *in forma pauperis* on March 5, 2019, and set a deadline of April 4, 2019, for compliance. Subsequently, on April 8, 2019, the undersigned issued an order to show cause and set a deadline of April 29, 2019, for compliance. Thus, Plaintiff has been afforded sufficient time to comply.

(2) **The Plaintiff's failure to comply with two orders:**

    a.    the undersigned's order of March 5, 2019; and

    b.    the undersigned's order of October 29, 2018.

(3) **Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned the Plaintiff that failure to comply with the respective orders could result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of

discretion.").

**(4) The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may elect to refile his claim should he choose to pursue it in the future.

**(5) The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded ample opportunity to be heard and to receive due process. Under the circumstances of this case, the court's need to dispose of cases that are not being actively prosecuted outweighs other interests.

**(6) The public policy favoring disposition of cases on their merits.** Use of the court-approved complaint forms facilitates disposition of cases on their merits. Plaintiff has declined to follow the court's order to use the form for a section 1983 action. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff's past conduct suggests that he likely would ignore any further orders to comply. Insofar as he is already incarcerated and presumably indigent, it is

unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff.

For this second reason, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

### C.   Failure to Utilize a Court-Approved Complaint Form

"A district court has discretion to adopt local rules." *Hollingsworth v. Perry*, 558 U.S. 183, 191, 130 S. Ct. 705, 710 (2010); *Frazier v. Heebe*, 482 U.S. 641, 645, 107 S. Ct. 2607, 2611 (1987); *see* 28 U.S.C. § 2071; Fed. R. Civ. P. 83. Rule 83 of the Federal Rules of Civil Procedure authorizes federal courts to promulgate local rules that require litigants to use court-approved forms. *See* Fed. R. Civ. P. 83(a). Such local rules have the force of law. *See Hollingsworth*, 558 U.S. at 191, 130 S. Ct. at 710; *Weil v. Neary*, 278 U.S. 160, 169, 49 S. Ct. 144, 148 (1929) ("a rule of court thus authorized and made has the force of law"); *Chesire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (stating that "a valid local rule has the force of law").

The U.S. District Court for the Northern District of Florida promulgated Local Rule 5.7(A). That rule states: "A party not represented by an attorney must file any" complaint in a civil rights case "only on a form available without charge from the Clerk or on the District's website . . . ." N.D. Fla. Loc. R. 5.7(A). A federal court may enforce willful violations of local rules by dismissing actions. *See* Fed. R. Civ.

P. 83(a)(2); *Texas v. United States*, 798 F.3d 108, 1114 (D.C. Cir. 2015) (stating that "a material failure to follow the rules in district court can doom a party's case"). Such dismissals are permissible when the violation entails failure to use a court-approved form. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (holding that the district court did not abuse its discretion in dismissing without prejudice a prisoner's complaint for failure to comply with an order to use court-approved form); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) ("Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is 'nonwillful.'").

Here, Plaintiff failed to use the court-approved form for civil rights complaints as required by Local Rule 5.7(A). Plaintiff's failure clearly was willful insofar as he was ordered to use the correct form but disregarded that order and failed to offer any justification for this failure. (Doc. 3; Doc. 4). For this third reason, therefore, the undersigned recommends that this action be dismissed without prejudice.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully

**RECOMMENDS** that this case be **DISMISSED** without prejudice.

At Panama City, Florida, this 13th day of May 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.